■ In the Matter of RICHARD SCHUMATE, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Respondent. (And Two Other Proceedings.) — Appeals by petitioner from three judgments of the Supreme Court, Westchester County (Beisheim, J.), entered February 4, 1981, February 24, 1981 and March 26, 1981, respectively, which dismissed petitioner's applications for various relief. Judgments affirmed, without costs or disbursements. Petitioner's numerous and fragmented applications for relief did not disclose grounds sufficient to overturn the determination made after the May, 1980 parole hearing, and the earlier determination made after the September, 1979 parole hearing was not properly before Special Term. Absent cause to annul the May, 1980 parole hearing determination itself, there would be no purpose in annulling the respondent's July 24, 1980 determination that affirmed that hearing determination upon administrative appeal and in remitting for a new appeal determination. We rule out such relief, however, only after noting that the determination on the appeal was indeed flawed. Contrary to respondent's argument, an administrative appeal after a parole hearing shall not be determined solely by the vote of two commissioners. Respondent's own regulation (9 NYCRR 8006.4 [a]) expressly requires that such appeals be *"considered"* by at least *three* commissioners, although a dispositional vote requires only a majority of two. Respondent should not ignore its own proce-

dural rules (see *People ex rel. Jordan v Martin,* 152 NY 311, 316-317; *Matter of Rapacki v Board of Fire Comrs. of Uniondale Fire Dist.,* 75 AD2d 817; *Matter of Brown v Board of Educ.,* 42 AD2d 702). Rabin, J. P., Margett, O'Connor and Thompson, JJ., concur.