■ In the Matter of THOMAS KINCAIDE, Appellant, v THOMAS COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Departmental Review Board of the New York State Department of Correctional Services which affirmed a determination made after a superintendent's proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Quinn, J.), dated June 30, 1980, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted to the extent of annulling the determination, and matter remitted to the respondents for a new hearing in accordance herewith. Since the petitioner contends that the determination of the respondents, made after a hearing, was not supported by substantial evidence, the matter should have been transferred to this court for determination in the first instance (CPLR 7804, subd [g]). The case having finally reached this court, we treat it as though it had been properly transferred and dispose of all the issues *de novo* (CPLR 7804, subd [g]; *Matter of Daigle v State Liq. Auth.,* 35 AD2d 901; 24 Carmody-Wait 2d, § 145:354). Petitioner is an inmate of the Greenhaven Correctional Facility. A superintendent's proceeding was commenced charging him with possession of marihuana in violation of prison rules. At the hearing held on this charge, a correction officer testified that he had conducted a search of petitioner's cell in petitioner's absence, that two cigarette butts were found, and that he had taken them to be tested and the test came back positive for the presence of marihuana. Petitioner denied possession of marihuana and claimed that he knew nothing about the presence of the cigarette butts in his cell. The determination under review is not supported by substantial evidence. Accordingly, it must be annulled and the matter remitted for a new hearing. The testimony of the correction officer that a test showed that the substance seized in petitioner's cell was marihuana should not have been received without the laying of a foundation to show the nature of the test and the procedures utilized (*Matter of Brown v Murphy,* 43 AD2d 534, 535). We reject, however, petitioner's claim that it was incumbent upon the superintendent, in the first instance, to prove the chain of custody of the alleged contraband. Compliance with technical rules of evidence is not required at disciplinary hearings (cf. *Matter of Sowa v Looney,* 23 NY2d 329, 333). Here, a correction officer testified that the cigarette butts which were seized in petitioner's cell were subjected to testing. Such proof is sufficient unless, as in the case of *Matter of Lugo (Gaines)* (83 AD2d 542), the prisoner adduces evidence at the hearing from which it could be found that the substance to be tested could have been confused with other similar samples prior to testing. No such defense was advanced at the hearing in this case and accordingly no formal proof as to the chain of custody of the cigarette butts was required. Finally, we note that the hearing officer erred in failing to allow petitioner the opportunity to comment upon the evidence and make a statement with respect to the charge, as required by the regulations of the Department of Correctional Services, before finding him guilty (7 NYCRR 253.4 [e]). Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.