■ In the Matter of VICTOR BATISTA, Petitioner, v ROBERT H. KUHLMANN, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination removing petitioner from a temporary release program. When petitioner was an inmate at the Fulton Correctional Facility and a participant in the temporary release program, he returned from a weekend furlough on May 31, 1981 and was required to give a urine specimen for analysis as were approximately 19 other inmates. He was thereafter informed that according to a report by the Bendiner & Schlesinger Clinic in New York, his specimen had yielded positive for cocaine and quinine. After his appearance before the adjustment committee, formal charges were filed against petitioner and a superintendent's proceeding was convened. At this proceeding petitioner was informed of the charges against him which were based upon the clinic's analysis of his urine specimen. He requested that his sister be called as a witness because he had stayed with her prior to returning to the facility on May 31, 1981. This request was denied on the grounds that it was a departmental hearing. The correction officer who collected the urine specimens on the day in question was then interviewed and he described the procedure utilized in collecting the specimens. Petitioner testified that he had not used any cocaine and that the officer who collected the specimens had twice left the area during the collection and went to the watch commander's office. The watch commander was then interviewed and he stated that the officer did at no time come to his office while collecting the specimens. At the conclusion of the hearing, the hearing officer determined that petitioner was guilty of the charges and imposed a penalty of two months' loss of good time and restriction of participation in the temporary release program pending review by the temporary release committee. This committee subsequently removed petitioner from the program and this determination was affirmed by the Commissioner of Correctional Services. This proceeding ensued. Petitioner urges that there is a lack of substantial evidence to support the determination, claiming that there was no evidence introduced to show the nature of the test conducted by the clinic and the procedures utilized. We agree. It appears from the record that petitioner was never given a copy of the clinic's report and the report was never made a part of the record. In fact, other than the hearing officer reciting the result of the test as contained in the charges, there was no testimony concerning the results of the test. In order for the results of the test to be admitted, the laying of a foundation to show the nature of the test and the procedures utilized was necessary (*Matter of Brown v Murphy,* 43 AD2d 524,

2. The affirmance of *Valladares* by the Court of Appeals did not reach this issue (see 55 NY2d 388, 393, n 3).

525). Accordingly, we are of the view that the determination is not supported by substantial evidence and must be annulled and the matter remitted for a new hearing (see *Matter of Kincaide v Coughlin,* 86 AD2d 893). In view of our conclusion that this matter must be remitted for a new hearing, we would comment on petitioner's assertion that he was denied his right to due process of law by the hearing officer's refusal to call his sister as a witness. It has been held that an inmate facing disciplinary proceedings should be allowed to call witnesses in his defense when to do so would not be unduly hazardous to institutional safety or correctional goals (*Wolff v McDonnell,* 418 US 539, 566). It has also been suggested, but not required, that the reasons for refusing to call a witness be stated, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases (*Wolff v McDonnell, supra*). In the present case, the hearing officer stated that he was not calling petitioner's sister because it was a departmental hearing. In our opinion, this is not a valid reason. If the reason for refusal is to be given, as was suggested in *Wolff,* it must at least be a valid one. If any reason were sufficient, it would negate the prisoner's right to call witnesses in his defense. Petition granted, without costs, determination annulled, and matter remitted to the Department of Correctional Services for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.