■ In the Matter of WILLIE JENNINGS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Correctional Services which found petitioner to have violated certain disciplinary rules. Petitioner is an inmate at Great Meadow Correctional Facility. In January of 1983, he took part in a two-day reunion with his wife and two children, during which time they occupied a trailer located within the facility. After the reunion, correction officers searched the trailer and uncovered a substance which they believed to be marihuana, along with cigarette rolling papers, two nickels and two balloons which contained a white powder substance. A misbehavior report was filed and petitioner was charged with violations of rules 113 (contraband), 113.12 (possession of a narcotic) and 113.16 (possession of money). Petitioner admitted that the rolling papers were used by his wife to roll her hair, but denied any knowledge of the marihuana or money. He also admitted that the balloons were brought by his children. Although the substance in the balloons was apparently tested, no charges were brought based on such a test. After a

superintendent's proceeding, petitioner was found guilty as charged. Upon administrative review, the possession of money charge was dropped and the other findings were affirmed. The penalty imposed was 90 days in special housing, 90 days loss of privileges and 120 days loss of good time. Each of the 90-day penalties has been served. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination. The proceeding has been transferred to this court for determination. Initially, we hold the finding of possession of contraband based on the discovery of the rolling papers to be supported by substantial evidence. Petitioner does not dispute that the rolling papers are contraband. There is sufficient evidence that the trailer was within petitioner's control and that it was searched after each family reunion visit. Additionally, petitioner admitted that he was aware of the presence of the rolling papers. Thus, the finding that petitioner was guilty of possession of contraband should not be disturbed. Petitioner also contends that the determination that he was guilty of possession of a narcotic is unsupported by substantial evidence. At the hearing, the officers who searched the trailer testified that they found a substance which they believed to be marihuana in a dresser drawer in a bedroom of the trailer. The officers testified that the substance was brought to another officer who tested the substance using a N.I.K. test kit and found it to be marihuana residue. The officer who performed the test did not testify. Respondent contends that a copy of the test report was given to petitioner, but this fact is disputed by petitioner and his attorneys, and it is not clear whether the report was actually introduced as evidence at the hearing. Petitioner contends that a proper foundation was not laid for the introduction of the test result and that, without such evidence, there is insufficient evidence to support the possession of narcotics charge. We agree. In *Matter of Batista v Kuhlmann* (90 AD2d 934), this court held that a foundation must be laid where a scientific test report is used as the basis for a charge against an inmate. While it is true, as urged by respondent, that all of the formal rules of evidence need not be strictly applied at a superintendent's proceeding, it is apparent that, in the instant proceeding, not even the rudiments of a foundation were laid. It is not clear that the test report was offered. The officer who performed the test did not testify and there was no evidence that he was unavailable. There is no evidence of how the test was performed or what observations were made to support the conclusion that the substance tested was marihuana. The only evidence offered was that the officers who discovered the substance turned it over to another officer who apparently tested it and concluded that it was marihuana. Clearly, this is an insufficient foundation (*Matter of Batista v Kuhlmann, supra; Matter of Kincaide v Coughlin,* 86 AD2d 893, app dsmd 57 NY2d 682; *Matter of Brown v Murphy,* 43 AD2d 524). This insufficiency may not be corrected by the affidavits annexed to respondent's answer since judicial review of an agency determination is generally limited to the record before the agency (see *Matter of Lugo v Gaines,* 83 AD2d 542, 543; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7803.04). Having concluded that the determination of guilt of the possession of a narcotic charge must be set aside, we must determine whether the proper remedy is a new hearing or expunging of the charge from petitioner's record. Here, as in *Batista* and *Kincaide,* and unlike *Lugo,* it is apparent that a proper foundation could have been laid and that there is no incurable deficiency in the conduct of the test. Moreover, the determination reviewed herein includes a valid finding of guilt of another charge and it cannot be determined how much of the punishment was allocated to each charge. Therefore, we conclude that the matter should be remitted to respondent for a new hearing on the possession of narcotics charge and for reconsideration of any penalty to be imposed. Determination modified, by annulling so much thereof as found

petitioner guilty of violating rule 113.12 and imposed a penalty, matter remitted to respondent for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.