■ In the Matter of EBBE NEWMAN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. — Weiss, J.

On November 9, 1983, petitioner, an inmate at Woodbourne Correctional Facility, submitted to a urinalysis test which produced positive results for the presence of marihuana. On November 18, 1983, he was served with a misbehavior report charging him with violating rule 113.12 of the prison disciplinary code, which prohibits use or possession of drugs. At a Superintendent's proceeding, convened on November 29, 1983, petitioner was informed of the charge against him and pleaded not guilty. The hearing was adjourned for investigation of petitioner's claim that the test results could have resulted from prescribed medication or by second-hand inhalation of marihuana smoke. Upon resumption of the hearing, medical records were submitted indicating that petitioner was not taking any prescribed medications that could have produced the positive test results. Petitioner was found guilty on the basis of this documentary evidence and a penalty was imposed, consisting of 30 days' keeplock, loss of commissary and telephone privileges, and a recommendation of one month's loss of good time. After the decision was affirmed by respondent Commissioner of Correctional Services, petitioner commenced this proceeding to annul the determination and to expunge the charge from his records. Special Term dismissed the petition and this appeal ensued.

We reject petitioner's initial contention that the Superintendent's proceeding was impermissibly delayed beyond the seven-day rule (7 NYCRR 251-5.1; *see, Matter of Peterson v LeFevre,* 85 AD2d 874; *Matter of Johnson v Smith,* 83 AD2d 721). Petitioner was not placed in confinement akin to "special housing" or "keeplock" such that he was segregated in a manner significantly restricting his liberty beyond that of inmates in the general prison population. Hence, the time limitation was not triggered (*see, Matter of Estades v Coughlin,* 101 AD2d 299). Since the Superintendent's proceeding was commenced within a reasonable time after service of the charges, petitioner's due process rights were not violated.

Nor was petitioner necessarily entitled to copies of the urinalysis test documents before the hearing (*see, Baxter v Palmigiano,* 425 US 308, 322-323, n 5). In any event, since he did not request these documents until the hearing was concluded and punishment imposed, any objection on that ground was effectively

waived (*see, Matter of Guzman v Coughlin* 90 AD2d 666). Significantly, there is no dispute that he received advance written notice of the charges, a hearing and a written statement of the evidence relied upon (*see, Wolff v McDonnell,* 418 US 539, 563-567). Petitioner's claim that he was denied effective assistance is also without merit. While the record shows that petitioner requested assistance from the law library staff, when informed of his right to an inmate assistant (7 NYCRR 251-4.1), he never made an affirmative request. Thus, the failure to secure assistance was solely attributable to petitioner. Finally, petitioner's attack upon the admissibility of the urinalysis test is not persuasive. A proper foundation must be laid where a scientific test report is utilized as the basis for a charge against an inmate (*Matter of Jennings v Coughlin,* 99 AD2d 635, 636; *Matter of Batista v Kuhlmann,* 90 AD2d 934). Here, the urinalysis procedure forms and request for urinalysis form, which were introduced into evidence to verify the accuracy of the test results, constituted an adequate foundation. The administrative determination is supported by substantial evidence and, accordingly, we affirm.

Judgment affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.