■ In the Matter of ALFRED PRICE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Corrections, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Essex County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On June 20, 1984, petitioner, an inmate at Adirondack Correctional Facility, submitted to an urinalysis test following his return from a home furlough. The test proved positive for the presence of marihuana and, on June 21, 1984, petitioner was served with a misbehavior report charging him with

violating a prison disciplinary rule which prohibits use or possession of drugs. At a Superintendent's proceeding, held June 25, 1984, petitioner denied the charges against him and requested that a blood test or another urinalysis be conducted since he was taking Actifed and Motrin when the initial specimen was taken. The request was denied since the product literature for the test used stated that its accuracy would not be affected by the type of medications petitioner was taking. Petitioner was found guilty and received a penalty of 30 days' confinement to his room, except for work and meals, and two months' loss of good time. The decision was affirmed by respondent Commissioner of Correctional Services, and, shortly thereafter, petitioner was denied parole by respondent State Board of Parole due, in part, to the Superintendent's proceeding and disposition of June 25, 1984. Petitioner commenced this proceeding seeking to annul the determination and to expunge the charge from his record.

As in most administrative proceedings, technical rules of evidence do not apply in prison disciplinary proceedings (Matter of Burgos v Coughlin, 108 AD2d 194, 196; cf. Matter of Sowa v Looney, 23 NY2d 329, 333). The determination need only be supported by substantial evidence (see, Matter of Smith v Coughlin, 111 AD2d 503, 505; Matter of Newman v Coughlin, 110 AD2d 981). Generally, in order to annul a determination upon an alleged chain of custody defect, a petitioner must point to evidence adduced at the hearing indicating that the specimen could have been confused with similar samples (see, Matter of Kincaide v Coughlin, 86 AD2d 893, appeal dismissed 57 NY2d 682) or that there was no evidence to substantiate the chain of custody (see, Matter of Lugo v Gaines, 83 AD2d 542, 543). Petitioner has failed to show such defects in the chain of custody. Two separate tests were performed on his specimen which resulted in the same conclusions. It is true that the urinalysis forms introduced into the record indicate possible discrepancies as to the times the specimen was removed from the refrigerator and the times the tests were performed. However, there was no evidence indicating that petitioner was charged with the result of the testing of urine of a person other than petitioner. Nor did petitioner choose to require that the correction officers who had been in possession of the specimen be called as witnesses (see, 7 NYCRR 253.5). After consideration of all issues raised, we conclude that the hearing was conducted in accordance with pertinent regulations and that the decision was supported by substantial evidence. The petition as against respon-

dent Chairman of the State Parole Board must be dismissed for the additional reason that petitioner failed to exhaust his administrative remedies.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.