■ In the Matter of HERMINIO SANCHEZ, Petitioner, v ROBERT HOKE, as Superintendent of Eastern New York Correctional Facility, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain disciplinary rules.

Petitioner, a Spanish-speaking inmate in the custody of respondents, was imprisoned at Eastern New York Correctional Facility at the time of the events pertinent to this proceeding. In January 1985, various pills and other substances were found to be in petitioner's possession. The drugs were tested and determined to be marihuana, ampicillin, Hydro Diuril and Persantine. Petitioner was charged with possession of a controlled substance and unauthorized possession of medication.

A Superintendent's hearing was held and petitioner was provided with a translator pursuant to 7 NYCRR 254.2. Petitioner stated that he understood the charges when they were read to him, and he waived his right to have a written translation of the misbehavior report provided to him. Petitioner pleaded not guilty to both charges. The hearing officer determined that petitioner was guilty of the charges and imposed a penalty of 180 days' confinement in the special housing unit and 180 days' loss of privileges. This disposition was affirmed by the Department of Correctional Services Review Board. Petitioner contends that the determination is not supported by substantial evidence.

Petitioner admitted he possessed a medication (ampicillin) which he obtained from a source other than the prison pharmacy. Thus, petitioner's admission to the unauthorized possession of medication provides substantial evidence to support that charge.

Petitioner next contends that a proper foundation was not laid for the introduction of the test establishing that one of the substances he possessed was marihuana and, consequently, that there was insufficient evidence to support the charge of possession of a controlled substance. We agree. A proper foundation requires that the nature of the test and the procedures utilized be established *(Matter of Batista v Kuhlmann,* 90 AD2d 934; *see, Matter of Newman v Coughlin,* 110 AD2d 981, 983). In this case, the record does not include the form which is customarily used to evidence the nature and the procedures of the test.

Respondents contend that petitioner waived the foundation requirement. However, this contention is rejected due to respondents' failure to show a knowing and intelligent waiver of the foundation requirement by petitioner *(see, Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003). Thus, respondents' determination must be annulled as to the charge of possession of a controlled substance.

Having concluded that the determination of guilt of the possession of a controlled substance must be set aside, we must next determine whether the proper remedy is a new hearing or expungement of the charge from petitioner's record. In a case such as this, where a proper foundation could have been laid and there was no incurable deficiency in the conduct of the test, the proper remedy is a new hearing *(see, Matter of Jennings v Coughlin,* 99 AD2d 635, 636).

Finally, we note that petitioner's contention that respondents violated their own regulations by not providing him with a Spanish translation of the request for test of suspected contraband form is without merit. The request form was a basis for petitioner's misbehavior report and, at his hearing, petitioner stated that he had a copy of the report, that he understood it and that he did not need a translation into Spanish.

Determination modified, without costs, by annulling so much thereof as found petitioner guilty of possession of a controlled substance; matter remitted to respondents for further proceedings not inconsistent herewith; and, as so modified, confirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.