■ In the Matter of ALBERT HARTJE et al., Petitioners, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mikoll, J.

Each petitioner is an inmate at Great Meadow Correctional Facility and was charged with being an accessory to escape from that facility in misbehavior reports dated April 26, 1985. Following a Superintendent's hearing, each petitioner was found guilty of the charge and given a penalty of 180 days in the special housing unit, 180 days' loss of commissary packages and call-home privileges, and six months' loss of good time. Petitioners commenced this CPLR article 78 proceeding to annul respondent's determinations, to expunge from their records any reference to their alleged misbehavior and to enjoin respondent from conducting new Superintendent proceedings on this matter.

Petitioners claim, *inter alia,* that the determinations were not supported by substantial evidence since the hearing officer did not personally assess the credibility of the confidential informants. Respondent, in lieu of an answer, moved for an order, *inter alia,* annulling the determinations and remitting the charges to respondent for new hearings. Respondent contends that confidential materials submitted for Special Term's in camera review demonstrate that substantial evidence is available to support respondent's determinations. Respondent concedes that under this court's decision in *Matter of Alvarado v LeFevre* (111 AD2d 475), the determinations are not supported by substantial evidence but argues that a new hearing should be granted because this deficiency can be cured.

Examination of the confidential materials submitted for in camera review indicates that the credibility and reliability of the informants may be assessed at a new hearing in each matter and the evidentiary deficiency may possibly be corrected. Consequently, the determinations should be annulled and the matters remitted to respondent for further proceedings in accordance with this decision *(see, Matter of Jennings v Coughlin,* 99 AD2d 635, 636; *Matter of Shipman v Coughlin,* 98 AD2d 823, 824).

Determinations annulled, without costs, and matters remitted to respondent for further proceedings not inconsistent herewith. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.