■ In the Matter of JOHN CUNNINGHAM, Respondent, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered April 18, 1986 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of respondents finding petitioner guilty of violating various prison disciplinary rules.

On July 22, 1985, a large-scale fight occurred at Elmira Correctional Facility where petitioner was incarcerated. Petitioner was allegedly involved in this incident and was charged with, *inter alia,* fighting and assaulting another inmate. Later that same day, petitioner allegedly refused to remove a towel when ordered to do so by a correction officer. This gave rise to a second charge for refusing to obey a direct order. Petitioner requested employee assistance and asked to inspect certain

evidence pertaining to the fighting charges. Before this information was fully provided to petitioner, he was transferred to Clinton Correctional Facility where a consolidated hearing was held on the charges. Petitioner pleaded guilty to the charge of refusing to obey a direct order and not guilty to the remaining charges. He was found guilty of all charges and subsequently commenced the instant CPLR article 78 proceeding challenging these findings. Supreme Court found that petitioner did not receive adequate employee assistance and that, with regard to the fighting and assault charges, procedural errors were made. The disposition of the Superintendent's hearing was thus annulled and any references thereto on petitioner's records expunged.

On this appeal, respondents concede that procedural errors were made with regard to the fighting and assault charges against petitioner. Respondents argue, however, that the proper remedy was a new hearing rather than expungement. While new hearings have been ordered in appropriate cases (see, e.g., Matter of Coleman v Coombe, 65 NY2d 777; Matter of Sabo v Racette, 124 AD2d 920), this does not appear to be such a case. Nearly two years have passed since the alleged incident, at least one key witness has been paroled and petitioner has already served 8½ months of the 12-month sentence in the special housing unit. Under these circumstances, we agree with Supreme Court's decision that expungement is the proper remedy (see, Matter of Vogelsang v Coombe, 105 AD2d 913, 914, affd 66 NY2d 835; Matter of Justice v Smith, 69 AD2d 1018; see also, Matter of Barnes v LeFevre, 69 NY2d 649).

With regard to the charge for disobeying a direct order, petitioner admitted his guilt and there is substantial evidence supporting respondents' assertion that no procedural errors were made with regard to this determination. Accordingly, that charge should be sustained and the matter remitted for reconsideration of a proper penalty.

Judgment modified, on the law, without costs, by reversing so much thereof as annulled the charge against petitioner for refusing to obey a direct order; matter remitted to respondents for a hearing as to the proper penalty for that charge; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.