■ In the Matter of RAYMOND B. ESTRELLA, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants. —In a proceeding pursuant to CPLR article 78 to (1) review a determination of the Superintendant of the Taconic Correctional Facility, dated July 22, 1985, finding the petitioner guilty of certain stated charges of misconduct, after a Superintendent's proceeding, and imposing a penalty therefor, and (2) compel the respondents to expunge the mention of the charges from his institutional record, the appeal is from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered April 3, 1986, which granted the petition, vacated the determination dated July 22, 1985, dismissed the charges, and ordered the appellants to expunge the mention of the charges from the petitioner's institutional record.

Ordered that the judgment is affirmed, without costs or disbursements.

As the appellants failed to introduce any evidence that the confidential information they had received was from a reliable source, which is required before a prisoner can be ordered to undergo urinalysis (see, New York Dept of Correctional Servs Directive 4937 [D] [1] [d], now 7 NYCRR 1020.4 [a] [4]), the Supreme Court properly concluded that the determination dated July 22, 1985, should be vacated, the charges dismissed, and all mention of those charges expunged from the petitioner's institutional record. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.

■ In the Matter of KENED BAR, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated December 20, 1985, which suspended the petitioner's liquor license for 10 days.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

There was substantial evidence that the petitioner violated 9 NYCRR 53.1 (q) by playing excessively loud music during the early morning hours. The penalty imposed was not excessive nor did the respondent abuse its discretion (see, Matter of Pell v Board of Educ., 34 NY2d 222; see also, Matter of Jimmy Daze Inn v New York State Liq. Auth., 121 AD2d 447).

We have considered the petitioner's other contentions and find them to be without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.