OPINION OF THE COURT
Nicholas Colabella, J.
In a CPLR article 78 proceeding, petitioner seeks to annul a determination by respondents following a Tier III Superintendent’s hearing finding petitioner guilty of misbehavior for possession of contraband and imposing punishment. The issues raised by petitioner are disposed of, as follows:
*193 CHAIN OF CUSTODY
A proper foundation must be laid where a scientific test result is utilized as the basis for a charge against an inmate (Matter of Sanchez v Hoke, 116 AD2d 965, 966; Matter of Newman v Coughlin, 110 AD2d 981, 983). To admit positive results "of a test of suspected contraband drugs”, the record of the disciplinary hearing must include, inter alia, "the request for test of suspected contraband drugs form” (7 NYCRR 1010.5 [a]). The latter is to be completed in accordance with the procedures specified in 7 NYCRR 1010.4.
In this case, respondents erred in admitting test results of the marihuana where the "Request for Test” form was not completed in compliance with 7 NYCRR 1010.4 (b). That subdivision requires that each person handling the suspected substance "make an appropriate notation on the form to document the action taken as well as the chain of custody of the substance until it is identified”. Examination of the "Request for Test” form here confirms petitioner’s allegation that the chain of custody section was completed in the handwriting of a single individual despite handling of the contraband by three persons.
In addition, respondents erred in admitting the identification of the Valium tablets where no "Request fpr Test” form at all was completed. The documentation required under subdivisions (b) and (h), as well as the purposes for same, as stated in subdivision (b), apply to both, visual (7 NYCRR 1010.4 [d]) and chemical (7 NYCRR 1010.4 [e]) identification procedures.
CONCLUSION
The failure to comply with the Department of Correctional Services own regulations requires annulment of respondents’ determination as to the two counts of possession of contraband drugs (Matter of Garcia v LeFevre, 64 NY2d 1001, 1003; Matter of Schumate V Hammock, 85 AD2d 640; Matter of Longo v Fogg, 71 AD2d 955; cf, Matter of Estrella v Coughlin, 131 AD2d 760, lv denied 70 NY2d 606).
However, a remand is not indicated since the above deficiencies cannot be rectified at this late date and petitioner has already served his sentence of confinement. This determination necessarily effects the remaining count, possession of currency, inasmuch as the punishment' imposed was based upon respondents’ findings of guilt on all three counts and is *194 not divisible. Accordingly, respondents shall restore petitioner to his status prior to the Superintendent’s proceeding completed May 7, 1987, and expunge from his institutional and parole records all references to the within Superintendent’s proceeding (see, Matter of Cunningham v LeFevre, 130 AD2d 809).
Petitioner’s remaining contentions are denied as academic.