■ In the Matter of CURTIS STANBACK, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Rosato, J.), dated February 18, 1987, which converted the proceeding into a proceeding pursuant to CPLR article 78, to review a Superintendent's hearing disposition, dated March 3, 1986, and dismissed the proceeding on the merits.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding pursuant to CPLR article 78 is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith.

While the court properly converted the petitioner's application for a writ of habeas corpus to a proceeding pursuant to CPLR article 78 *(see, People ex rel. Dawson v Smith,* 69 NY2d 689), it erred in relying solely on the papers submitted in the habeas corpus proceeding. Thus, it did not have before it a complete and proper record upon which to resolve the issues pursuant to CPLR article 78 *(see,* CPLR 7804 [e]).

On remittal, the Supreme Court, Dutchess County, should

order the production of the entire record in the Superintendent's proceeding, including the hearing transcripts, and it must determine, *inter alia,* whether the respondent complied with the time limits of 7 NYCRR 251-5.1 *(compare,* General Construction Law § 20, *with Edmonson v State of New York,* 132 Misc 2d 452, 453). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.