■ In the Matter of KENNETH DARNELL, Petitioner, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

On July 20, 1987, petitioner, an inmate at Sullivan Correctional Facility in Sullivan County, was burning incense in his cell when a correction officer ordered that petitioner be searched, based upon his knowledge that incense is often used to mask the odor of drug use. The strip frisk revealed a small cigarette-like object hidden in petitioner's sock. The contents

of the cigarette were tested for marihuana using the Becton-Dickinson "NIK" test. When the substance tested positive, a misbehavior report was served on petitioner charging him with, *inter alia,* possession of a controlled substance.

At the Superintendent's hearing petitioner claimed that the positive NIK test result was erroneous because the item seized from him was actually a mixture of herbal tea and musk oil which he had rolled up to burn as incense. At petitioner's request, a mixture of his herbal tea and musk oil was tested in the same manner used to detect marihuana; however, no false positive was obtained. The Hearing Officer found petitioner guilty of possession of a controlled substance based upon the facts set forth in the misbehavior report and also the positive marihuana test result. A penalty of 180 days' keeplock, loss of good time and other privileges was imposed. After the decision was affirmed by respondent Commissioner of Correctional Services, petitioner commenced this CPLR article 78 proceeding to review the determination.

Petitioner challenges the Commissioner's determination on the ground that it was not supported by substantial evidence. Specifically, petitioner contends that the cigarette was tested only once and that, according to the manufacturer's information, "[t]he results of a single test may or may not yield a valid result". Respondents counter that the quoted phrase relied on by petitioner has been taken out of context and that the test conducted in petitioner's case was properly performed by a correction officer trained in NIK testing.

In our view, petitioner's contention is unavailing. Neither the manufacturer's testing procedures nor the regulations of the Department of Correctional Services concerning such tests (7 NYCRR part 1010) require additional tests to be performed in confirmation of an initial positive result. This is in contrast to the mandated procedure for urinalysis testing which specifically requires replication to establish reliability *(see,* 7 NYCRR 1020.4 [e] [iv]; *see also, Matter of Cornish v Coughlin,* 122 AD2d 495, 496). Moreover, in the instant case there is no evidence that there was a failure to comply with departmental regulations or the manufacturer's instructions for conducting the test *(cf., Matter of Tal v Scully,* 139 Misc 2d 192). Thus, in our view, while the single positive result did not constitute conclusive proof that the substance tested was marihuana, it was properly admitted at the hearing as evidence of that fact.

Furthermore, respondents' determination was not based solely on the positive NIK test, but also on the misbehavior report prepared by the correction officer who searched peti-

tioner. The misbehavior report stated that the item seized appeared to be a marihuana cigarette which petitioner had hidden in his sock and that petitioner had been burning incense, an activity often associated with drug use. Moreover, petitioner's defense, that his herbal tea and oil mixture would produce a false positive NIK test result, was disproved at the hearing. Based on the foregoing, we conclude that the Commissioner's determination was supported by substantial evidence. We have considered petitioner's other contentions and find them to be without merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.