■ In the Matter of KENNETH MOSS, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination, dated August 29, 1987, made after a Superintendent's Tier III hearing, finding the petitioner guilty of using alcohol, and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered April 29, 1988, which dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment entered April 29, 1988, is vacated, the petition is granted, the determination is annulled on the law, without costs or disbursements, the charge is dismissed, the penalty is vacated, and the respondents are directed to expunge all references to the charge and the proceedings from the petitioner's institutional record.

Since the petitioner raised the issue of whether there was substantial evidence to support the August 29, 1987, determination in his *pro se* CPLR article 78 papers, the matter should have been transferred to this court (CPLR 7804 [g]). Nevertheless, we treat the matter as though it had been properly transferred and dispose of all of the issues de novo *(People ex rel. McClatchie v Reid,* 105 AD2d 721, 722).

The August 29, 1987, determination finding the petitioner guilty of using alcohol was based solely upon a purported positive breathalyzer test result.

However, we agree with the petitioner's contention that a proper foundation was not laid for the admission of the breathalyzer test result *(see, Matter of Sanchez v Hoke,* 116 AD2d 965; *Matter of Kincaide v Coughlin,* 86 AD2d 893; *cf., People v Freeland,* 68 NY2d 699, 700; *People v Mertz,* 68 NY2d 136, 148). Specifically, there was no evidence presented from which it could be concluded (1) that the breathalyzer and the ampoules used with it had been tested within a reasonable time in relation to the petitioner's test, and found to be properly calibrated and in working order at the time the test was administered to the petitioner *(see, People v Mertz, supra,*

at 148); (2) "that the chemicals used in conducting the test were of the proper kind and mixed in the proper portions" *(People v Freeland, supra,* at 700); and (3) that the breathalyzer was operated properly during the test *(see, People v Freeland, supra,* at 699). We find no merit to the respondents' contention that the petitioner waived the foundation requirement *(see, Matter of Sanchez v Hoke, supra,* at 966). Consequently, there was insufficient evidence to support the charge.

The August 29, 1987, determination is therefore annulled, the charge dismissed, and all reference to the charge and the proceedings are to be expunged from the petitioner's institutional record *(see, Matter of Hartje v Coughlin,* 70 NY2d 866; *Matter of Vogelsang v Coombe,* 105 AD2d 913, 914, *affd* 66 NY2d 835; *Matter of Hilton v Dalsheim,* 81 AD2d 887, 888). Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.