■ In the Matter of WILLIAM SHAFFER, Petitioner, v ROBERT HOKE, as Superintendent of Eastern Correctional Facility, Respondent.—Weiss, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of

the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of using a controlled substance based upon the positive results of two urine tests. Petitioner's primary challenge to the determination of guilt is not directed toward the validity of the urine sample or the test results, but rather to the issue of whether an adequate basis was established in the record to require petitioner to submit to a urine test in the first instance.

The incident occurred in August 1986 and the regulation governing reasons for urinalysis testing at that time included "[w]hen correctional staff receives information from a reliable source that the inmate is currently under the influence of or has recently used illicit drugs or alcohol" (7 NYCRR former 1020.4 [a] [4]).* A correction sergeant received a confidential note from an inmate informant whom he had previously found reliable informing him that petitioner had used cocaine the previous night. His request for a urinalysis test was approved and petitioner was ordered to submit a urine specimen. The test report showed that cocaine was present in the urine. A second test on the same specimen produced the same result. A misbehavior report was then issued charging petitioner with violation of inmate rule 113.2 prohibiting the use of a controlled substance. Petitioner contends that the Hearing Officer erred in relying upon the correction sergeant's assessment of the reliability of the informant and by failing to independently determine the informant's reliability. We disagree.

Initially, we note that a prisoner charged with violation of a prison rule or regulation is entitled only to minimal due process rights *(Wolff v McDonnell,* 418 US 539) which include, *inter alia,* the right to advance written notice of the charges against him and a conditional right to call witnesses. But he has no right to counsel or to confront and cross-examine witnesses *(supra,* at 563-570; *see, Superintendent v Hill,* 472 US 445; *Baxter v Palmigiano,* 425 US 308). We find no authority which would entitle an inmate to challenge the sufficiency of the grounds upon which a correction official may order a urinalysis test *(see,* 7 NYCRR 1020.4). Petitioner's reliance on *Matter of Lahey v Kelly* (71 NY2d 135) and *Matter of Estrella v Coughlin* (131 AD2d 760, *lv denied* 70 NY2d 606) to challenge the propriety of the test order is misplaced. In

---

* The regulation as currently codified omits the word "reliable" to describe "source".

*Matter of Lahey,* the issue was whether the positive results of a urinalysis test constituted substantial evidence to support the determination finding the petitioner guilty of violating a prison rule prohibiting the use of a controlled substance. In *Matter of Estrella,* the Second Department held that the Department of Correctional Services "failed to introduce any evidence that the confidential information they had received was from a reliable source" *(supra,* at 760). Here, the evidence before the correction sergeant who made the determination to order the test consisted of a written note signed in code by the confidential informant who in the past had proved reliable.

Petitioner, citing *Matter of Kalonji v Coughlin* (157 AD2d 941) and *Matter of Wynter v Jones* (135 AD2d 1032), contends that the assessment of the reliability of a confidential informant must be made by a Hearing Officer. Both cases are readily distinguishable. In *Matter of Kalonji,* the Hearing Officer accepted the confidential testimony of a witness who related warnings made to him by confidential informants that the petitioner was involved in a plan to attack the witness. This court held that the failure of the Hearing Officer to ascertain the identity and to assess the credibility of the confidential informants left "the determination to place [the] petitioner [in probative custody] unsupported by substantial evidence" *(supra,* at 943). In *Matter of Wynter,* this court also rejected the determination that the petitioner was guilty of violating prison disciplinary rules. The Hearing Officer failed to make his own independent determination of the credibility of a confidential informant, choosing instead to rely upon the testimony of the correction officer who testified to what the informants told him. This court held such testimony, standing alone, reflected the same third-party credibility assessment rejected in *Matter of Alvarado v LeFevre* (111 AD2d 475) *(supra,* at 1033).

In the instant case, the statement from the confidential informant was neither relied upon nor did it play any part in the issue of petitioner's guilt. The misbehavior report charged violation of the aforementioned rule. The Hearing Officer's determination of guilt was based upon the results of the first and second test which confirmed the presence of cocaine in petitioner's urine. The Court of Appeals has now held that the positive results of an EMIT urinalysis test, when confirmed with the results of a second EMIT test, constitute substantial evidence to support a determination of guilt of violating a prison rule prohibiting the use of a controlled substance *(Matter of Lahey v Kelly,* 71 NY2d 135, 138, *supra).* The

information given by the confidential informant to the correction sergeant served only as the basis upon which to commence an investigation, and support for that determination is found in the record *(cf., Matter of Estrella v Coughlin,* 131 AD2d 760, *supra).* We decline to expand the rule requiring independent confirmation of the reliability of a confidential informant to this case where the determination of guilt neither relies nor depends upon the credibility of the confidential informant *(see, Matter of Moore v Coughlin,* 170 AD2d 723; *see also, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146).

We have examined petitioner's remaining arguments and find them to be without merit.

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.

