■ In the Matter of PETER ROLLISON, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Correctional Services, dated March 2, 1987, which, after a hearing, found that the petitioner's wife had introduced cocaine into the Green Haven Correctional Facility and suspended her visiting privileges for a period of one year, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered May 29, 1987, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is annulled, the charge is dismissed, and the respondent is directed to expunge all references to the charge and the proceedings from the petitioner's institutional records.

Where the Department of Correctional Services fails to comply with its own regulations in arriving at an administrative determination, that determination cannot stand *(see, e.g., Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003; *Matter of Estrella v Coughlin,* 131 AD2d 760; *Matter of Schumate v Hammock,* 85 AD2d 640; *Matter of Longo v Fogg,* 71 AD2d 955).

7 NYCRR part 1010 dictates how correctional facilities should deal with "[t]he possession by inmates or visitors of contraband drugs" (7 NYCRR 1010.3). 7 NYCRR 1010.5 provides that in a disciplinary hearing on such charges,

"[t]he record * * * *must* include:

"(a) the request for test of suspected contraband drugs form;

"(b) the contraband test procedure form;

"(c) the test report prepared by an outside agency subsequent to testing of the substance, if any; [and]

"(d) a statement of the scientific principals and validity of the testing materials and procedures used" (emphasis supplied).

Where, as in the case at bar, *none* of these required documents is introduced into evidence, the substantial evidence requirement is not met *(see, e.g., Matter of Moss v Scully,* 152 AD2d 577; *Matter of Sanchez v Hoke,* 116 AD2d 965; *Matter of Tal v Scully,* 139 Misc 2d 192, 193). In consequence, the administrative determination is annulled and all references to the Superintendent's proceeding should be expunged from the petitioner's institutional records *(see, e.g., Matter of Cunningham v LeFevre,* 130 AD2d 809, 810; *Matter of Moss v Scully, supra; Matter of Tal v Scully, supra).* Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.