■ In the Matter of RAPHAEL B. LEVI, Appellant, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated January 18, 1990, which affirmed a determination dated November 24, 1989, made after a hearing, finding the petitioner guilty of possession of a controlled substance and possession of stolen property, and imposing a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Based upon the recovery of certain items during a search of his prison cell, the petitioner was charged with possession of a controlled substance and possession of stolen property. After a hearing, the charges were sustained and the respondent subsequently affirmed the Hearing Officer's determination. The petitioner thereafter commenced this review proceeding.

The petitioner did not assert his claim of racial bias in the prior administrative review proceedings; hence, we do not consider that claim. Moreover, the petitioner has raised no issue in this proceeding with respect to that part of the determination which found him guilty of possession of stolen property. Accordingly, we discern no basis for disturbing that finding.

With respect to that part of the determination which found the petitioner guilty of possession of a controlled substance, we find unpersuasive the petitioner's contention that he was improperly denied access to certain documentary evidence at his disciplinary hearing. The claim is clearly refuted by the transcript of the hearing. Further, the record contains a complete set of all necessary documents (see, 7 NYCRR 1010.5; cf., Matter of Rollison v Scully, 181 AD2d 734; Matter of Sanchez v Hoke, 116 AD2d 965).

Similarly unavailing is the petitioner's claim that the finding that he possessed a controlled substance is not supported by substantial evidence. The hearing record includes the positive "Narcotics Identification" test results and all supporting data, as well as the testimony of two Correction officers regarding the search of the petitioner's cell and the nature of the objects found therein. Accordingly, the Hearing Officer's determination clearly is supported by substantial evidence in the record (see, Matter of Darnell v Kuhlmann, 145 AD2d 852; see also, Matter of Salmon v Coughlin, 159 AD2d 881). Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.