■ In the Matter of LOUIS ROMAN, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [609 NYS2d 732] —Determination unanimously modified on the law and as modified confirmed and matter remitted to respondent Super-

intendent, Attica Correctional Facility, for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination by the Superintendent of Attica Correctional Facility finding that petitioner violated inmate rules 180.14 (refusing to undergo urinalysis testing [7 NYCRR 270.2 (B) (26) (v)]) and 106.10 (failing to obey an order of facility personnel [7 NYCRR 270.2 (B) (7) (i)]).

The finding that petitioner violated inmate rule 180.14 was error. Although petitioner refused to undergo the urinalysis test, he was not informed, as required by 7 NYCRR 1020.4 (c), "that his refusal constitut[ed] a violation of facility rules and that he may incur the same disciplinary disposition that a positive urinalysis result could have supported", nor did prison officials follow the directive that "[t]he resultant misbehavior report shall indicate that the inmate was informed of [the consequences of his refusal]" (7 NYCRR 1020.4 [c]). When the Department of Correctional Services fails to comply with its own regulations, the determination should be annulled (*Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003; *Matter of Rollison v Scully,* 181 AD2d 734; *see, Matter of Estrella v Coughlin,* 131 AD2d 760, *lv denied* 70 NY2d 606; *Matter of Schumate v Hammock,* 85 AD2d 640, *lv denied* 56 NY2d 501).

The Superintendent's finding that petitioner violated inmate rule 106.10 was not similarly infirm. By his refusal to undergo the urinalysis, petitioner disobeyed a direct order. "The risks inescapably attendant on the refusal of an inmate to carry out even an illegal order of a correction officer are such as to require compliance at the time with the right of retrospective administrative or judicial determination as to the legality of the order" (*Matter of Rivera v Smith,* 63 NY2d 501, 515; *see also, Matter of Scott v Leonardo,* 178 AD2d 865; *Matter of Matthews v Kelly,* 119 AD2d 1004, 1005). The statements of the correction officer who ordered petitioner to undergo the urinalysis test and authored the misbehavior report constituted substantial evidence that petitioner failed to follow a direct order (*see, People ex rel. Vega v Smith,* 66 NY2d 130, 139).

We modify the Superintendent's determination by vacating the finding that petitioner violated inmate rule 180.14, expunging all reference thereto from petitioner's institutional record and dismissing that charge. The finding that petitioner violated inmate rule 106.10 is confirmed. Because the record imposes one penalty and fails to specify any relation between

the charges and the penalty imposed, the penalty is vacated, and the matter is remitted to the Superintendent for imposition of an appropriate penalty on the charge sustained. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.