■ In the Matter of SANTIAGO RAMIREZ, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent. [614 NYS2d 17] —In a proceeding pursuant to CPLR article 78 to review a determination of Charles J. Scully, Superintendent of the Green Haven Correctional Facility, dated June 25, 1991, and affirmed on September 17, 1991, which found the petitioner guilty of violating certain disciplinary rules, the appeal is from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated March 30, 1992, which dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith.

The respondent concedes that the petition was improperly dismissed without reference to the full record (see, Matter of Stanback v Scully, 138 AD2d 609). On remittal, the Supreme Court, should review the entire record in the disciplinary proceeding, including the hearing transcripts, and assess the merits of the petition, particularly whether there was compliance with 7 NYCRR 254.6 and 1010.4, in light of the entire administrative record. However, there is no merit to the petitioner's contention that a single Narcotics Identification Kit test of a powdery substance found around his cell toilet, in conjunction with a misbehavior report stating that he flushed something down the toilet while blocking a correction officer's entry into his cell, cannot constitute substantial evidence of possession of a controlled substance (see, Matter of Darnell v Kuhlmann, 145 AD2d 852). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.