■ In the Matter of ARJAMAND GITTENS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [670 NYS2d 633] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a State prison inmate, was found guilty of violating prison disciplinary rule 106.10 which prohibits inmates from refusing to obey a direct order and rule 180.14 which requires inmates to follow staff instructions regarding urinalysis testing (*see*, 7 NYCRR 270.2 [B] [7] [i]; [26] [v]). He received a penalty of 360 days in keeplock, loss of certain privileges and six months' recommended loss of good time. Initially, respondent concedes, and our review of the record confirms, that the determination with respect to the violation of rule 180.14 must be annulled because respondent failed to abide by his own regulations (*see, Matter of Garcia v LeFevre*, 64 NY2d 1001, 1003; *Matter of Roman v Coughlin*, 202 AD2d 1000). Assuming that petitioner refused to undergo urinalysis testing, prison officials nonetheless failed to comply with 7 NYCRR 1020.4 (c) which requires that petitioner be informed "that his refusal constitute[ed] a violation of facility rules and that he may incur the same disciplinary disposition that a positive urinalysis result could have supported" and that "[t]he resultant misbehavior report * * * indicate[s] that [he] was informed of [the consequences of his refusal]" (*see, Matter of Roman v Coughlin, supra*, at 1001). We reach a different conclusion on the rule 106.10 violation, however, as the misbehavior report and petitioner's admission that he failed to comply with the or-

der of the correction officer to put his urine into a specimen cup provides substantial evidence to support the finding of guilt (*see, Matter of Guerrero v Coombe,* 239 AD2d 676). In view of the foregoing, we remit the matter to respondent for redetermination of the appropriate penalty on the sustained charge.

Mikoll, J. P., Mercure, Crew III, White and Carpinello, JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of violating prison disciplinary rule 180.14 (7 NYCRR 270.2 [B] [26] [v]); petition granted to that extent and determination of guilt on said charge annulled; respondent is directed to expunge from petitioner's institutional record all references thereto; matter remitted to respondent for an administrative redetermination of the penalty imposed on the rule 106.10 (7 NYCRR 270.2 [B] [7] [i]) violation; and, as so modified, confirmed.