■ In the Matter of MANUEL RIVERA, Petitioner, v DONALD SELSKY, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [698 NYS2d 273] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services, dated September 11, 1997, made after a hearing, as amended November 20, 1997, which found the petitioner guilty of the charges asserted in a misbehavior report, including the refusal to obey a direct order and possession of a narcotic, and imposed a penalty.

Adjudged that the determination, as amended, is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contentions, the hearing testimony, along with the misbehavior report, constituted substantial evidence that was adequate to support the determination that the petitioner was guilty of the charges brought against him (*see, Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 117; *Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *Matter of Foster v Coughlin,* 76 NY2d 964, 966; *People ex rel. Vega v Smith,* 66 NY2d 130, 139; *Matter of Da Wen Yu v Selsky,* 249 AD2d 474). Issues of credibility are within the province of the Hearing Officer as the trier of fact, and we find no reason to disturb the determination (*see, Matter of Oro v Keane,* 211 AD2d 796).

We reject the petitioner's claim that the chain of custody of the contraband seized from him was not fully established. Technical rules of evidence do not apply in prison disciplinary proceedings (*see, Matter of Price v Coughlin,* 116 AD2d 898, 899). The determination need only be supported by substantial evidence. Generally, to annul a determination upon an alleged defect in the chain of custody, a petitioner must demonstrate that there was no evidence to substantiate the chain of custody (*see, Matter of Price v Coughlin, supra,* at 899). The petitioner has failed to meet that standard here.

The petitioner's claim that the misbehavior report failed to comply with the appropriate rules and regulations is without merit, since he failed to demonstrate any prejudice as a result of any of the purported errors (*see, Matter of Rivera v Keane,* 225 AD2d 699; *Matter of Colucci v Scully,* 173 AD2d 953, 954).

The petitioner's claim that he was denied his right to an impartial hearing because the Hearing Officer made a predetermination of guilt before the conclusion of the hearing and the introduction of all the evidence, is not supported by the record (*cf., Matter of Hodges v Scully,* 141 AD2d 729, 730).

The petitioner's remaining contention is without merit. Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.