■ In the Matter of CARLOS BLANCO, Petitioner, v DONALD SELSKY, Respondent. [846 NYS2d 250]—Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Fishkill Correctional Facility dated November 24, 2006, which confirmed a determination of a Hearing Officer dated February 24, 2006, made after a tier III disciplinary hearing, finding the petitioner guilty of violating prison rules and imposing a penalty.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

When reviewing a prison disciplinary determination, the court

must decide only whether the determination is supported by substantial evidence (*see Matter of Ramsey v Phillips,* 11 AD3d 470 [2004]; *Matter of Glover v Goord,* 262 AD2d 483 [1999]). Here, a review of the record, including the misbehavior report and the testimony of Correction Officer Schuck, reveals that there was substantial evidence to support the respondent's determination that the petitioner violated prison rules. The credibility issues were resolved by the Hearing Officer as the trier of fact and we perceive no basis upon which to disturb his determination (*see Matter of Gilzene v McGinnis,* 300 AD2d 658 [2002]; *Matter of Ramos v Goord,* 286 AD2d 392 [2001]; *Matter of Rivera v Selsky,* 266 AD2d 295 [1999]).

The petitioner contends that he was deprived of the right to call a witness due to the Hearing Officer's refusal to ask Schuck how he had determined that the wetness he had observed was urine. In his administrative appeal, however, the petitioner did not allege that the Hearing Officer had refused his request to pose this question to Schuck. The petitioner may not now challenge the Hearing Officer's refusal to ask Schuck that particular question. "Judicial review of administrative determinations pursuant to CPLR article 78 is limited to questions of law [and] [u]npreserved issues are not issues of law" (*Matter of Khan v New York State Dept. of Health,* 96 NY2d 879, 880 [2001]). When a petitioner in a proceeding pursuant to CPLR article 78 raises an unpreserved issue, the Appellate Division has no discretionary authority or interest of justice jurisdiction to review the issue (*Matter of Khan v New York State Dept. of Health,* 96 NY2d 879, 880 [2001]; *see Matter of Levi v Coughlin,* 185 AD2d 345 [1992]). Consequently, we do not consider that contention. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.