◼ In the Matter of SAMUEL LOPEZ, Petitioner, v CHARLES KRAMER, as Corrections Captain of Arthur Kill Correctional Facility, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated February 22, 1983, made after a Superintendent's proceeding, find-

ing that the petitioner, *inter alia,* possessed narcotics while incarcerated, and imposing a penalty.

Petition granted to the extent of annulling the determination, on the law, without costs or disbursements, and matter remitted to the respondent for a new Superintendent's proceeding in accordance herewith.

The petitioner is an inmate at Arthur Kill Correctional Facility. On or about February 13, 1983, a Superintendent's proceeding was commenced, charging the petitioner, *inter alia,* with possession of heroin in violation of prison rules. At the Superintendent's proceeding, evidence was presented establishing that after corrections officers entered the petitioner's living quarters, they observed him attempt to hide and then discard a piece of aluminum foil which he had grabbed from the top of his locker. The foil, and a small cellophane wrapper which the petitioner discarded while the officers searched him, were confiscated. Both of these items contained a white powder, and tests conducted by one of the officers disclosed that the powder was heroin. The petitioner was subsequently charged, *inter alia,* with violation of regulations prohibiting possession of narcotics, the principal proof of which was the officer's testimony that he had conducted a "Becton-Dickinson" test which proved positive for heroin.

The testimony of the corrections officer that a test showed that the substance in the foil and cellophane wrappers was heroin "should not have been received without the laying of a foundation to show the nature of the test and the procedures utilized" *(Matter of Kincaide v Coughlin,* 86 AD2d 893, *appeal dismissed* 57 NY2d 682, citing *Matter of Brown v Murphy,* 43 AD2d 524, 525). Accordingly, the determination must be annulled and the matter remitted for a new Superintendent's proceeding.

However, we reject the petitioner's contention that the respondent violated his due process rights by allegedly failing to afford him a timely Superintendent's proceeding. The record establishes that the petitioner received a full narrative report detailing the charges against him and the facts surrounding the incident giving rise to the charges in advance of the Superintendent's proceeding *(see, Wolff v McDonnell,* 418 US 539). Moreover, the proceeding was timely commenced within four days of the petitioner's confinement in the special housing unit *(see, Matter of Lozada v Scully,* 108 AD2d 859).

The petitioner's contentions of constitutional impropriety in connection with the adjustment committee hearing conducted

in his case lack merit. The petitioner was afforded adequate advance notice prior to the hearing. Moreover, as the Court of Appeals has very recently observed, "compliance with the minimal due process requirements of *Wolff v McDonnell* (418 US 539) was not mandated" *(Matter of Jermosen v Smith,* 66 NY2d 1024, 1026).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.