■ In the Matter of RAY DELVALLE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Initially, we reject petitioner's contention that the Hearing Officer was required to assess the reliability of the confidential informant who told correction authorities that petitioner had used drugs. The positive results of two drug tests provide substantial evidence to support the determination of petitioner's guilt of using a controlled substance (see, Matter of Lahey v Kelly, 71 NY2d 135). Because the confidential information which served as the predicate for the tests was neither relied upon nor relevant to the determination of guilt, there was no need to independently confirm the reliability of the informant (see, Matter of Grochulski v Kuhlmann, 176 AD2d 1111, lv denied 79 NY2d 755).

We also find no merit in petitioner's contention that the failure to provide certain requested documents requires annulment of the determination. Of the documents requested, no unusual incident report existed (see, Matter of Serrano v Coughlin, 152 AD2d 790). The quarterly proficiency reports were not probative (see, Matter of Lewis v Coughlin, 172 AD2d 889). Nor were the reagent vial lot numbers, the test operators' time cards or the operators' certifications shown to be probative. In any event, documentary evidence indicated the expiration date of the reagents used, the time and date of the tests and names of the test operators. Two correction officers testified that they conducted the tests at issue and were certified to do so, that the proper testing procedures were followed and that the reagents did not appear discolored. This testimony negated any possible prejudice to petitioner from the denial of these documents (see, Matter of Ruiz v Coughlin, 184 AD2d 818). Finally, the urinalysis forms in the record are sufficient to establish a chain of custody for the specimens at issue (see, Matter of Berrios v Kuhlmann, 143 AD2d 475, 477). We have considered petitioner's other arguments and find them to be without merit.

Yesawich Jr., J. P., Levine, Crew III, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.