■ In the Matter of MARK DAVIS, Petitioner, v ROBERT McCLELLAN, as Superintendent of Southport Correctional Facility, et al., Respondents. [608 NYS2d 741] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, an inmate at Southport Correctional Facility in Chemung County, was found guilty of violating State-wide rules 113.12 *(see,* 7 NYCRR 270.2 [B] [14] [iii]) prohibiting the possession of a controlled substance and 113.23 *(see,* 7 NYCRR 270.2 [B] [14] [xiv]) prohibiting the possession of contraband. Upon administrative review, the finding of guilt was confirmed but the penalty was modified to 90 days' confinement in the special housing unit and 180 days' loss of privileges. Petitioner thereafter commenced this CPLR article 78 proceeding to annul that determination.

Although the record contains substantial evidence to support the finding that petitioner possessed certain articles of contraband in violation of rule 113.23, the determination as to the violation of rule 113.12 cannot stand. As respondents correctly note, a misbehavior report, coupled with a positive NIK test result, may be sufficient to support a finding that an inmate possessed a controlled substance *(see generally, Matter of Salmon v Coughlin,* 159 AD2d 881). Before such test results may be utilized, however, a proper foundation must be laid, i.e., it must be demonstrated that, *inter alia,* proper testing procedures were followed *(see generally, Matter of Delvalle v Coughlin,* 188 AD2d 812). To that end, the Department of

Correctional Services has promulgated 7 NYCRR 1010.5, which governs the use of such test results and sets forth the specific documents that must be made part of the record at the disciplinary hearing.

Here, the record reveals that only the "request for test of suspected contraband drugs" form (see, 7 NYCRR 1010.5 [a]) and the "contraband test procedure" form (see, 7 NYCRR 1010.5 [b]) were admitted into evidence at the hearing. Although petitioner specifically requested that the manufacturer's statement of scientific principles and procedures (see, 7 NYCRR 1010.5 [d]) and a copy of the individual test instructions for the test used be produced and entered into the record (see, 7 NYCRR 1010.5 [e]), such documents were not made available. Where, as here, there is a failure to comply with the relevant regulation and, further, there is a complete lack of testimonial evidence regarding the testing procedures employed, the underlying determination must be annulled (see, Matter of Tal v Scully, 139 Misc 2d 192; cf., Matter of Rollison v Scully, 181 AD2d 734; compare, Matter of Delvalle v Coughlin, supra [testimony of correction officers regarding testing procedures employed negated any possible prejudice to the petitioner from the failure to provide requested documents]).

The record indicates that petitioner has already served his period of confinement and that the punishment imposed was for both rule violations and, hence, is not divisible. Under these circumstances, expungement is the appropriate remedy (see, Matter of Tal v Scully, supra, at 193-194). Accordingly, respondents are directed to expunge all references to the Superintendent's proceeding from petitioner's institutional records.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondents are directed to expunge all references to the Superintendent's proceeding from petitioner's institutional records and restore petitioner to his prior status.