■ In the Matter of GREGORY GIANNATTASIO, Petitioner, v PHILIP COOMBE, as Acting Commissioner of the New York State Department of Correctional Services, Respondent. [654 NYS2d 806] —Proceeding pursuant to CPLR article 78 to review a determination of the Acting Commissioner of the New York State Department of Correctional Services, dated October 3, 1995, which affirmed a determination of a Hearing Officer dated August 4, 1995, made after a Tier III disciplinary hearing, finding the petitioner guilty of violating four prison disciplinary rules, including one forbidding the possession or use of a controlled substance.

Adjudged that the petition is granted, on the law, to the extent that the determination with respect to the charge alleging a violation of the prison disciplinary rule forbidding possession or use of a controlled substance is annulled, that charge is dismissed, the penalty imposed with respect to that charge is vacated, and all references to the finding upholding that charge shall be expunged from the petitioner's institutional records; the determination is otherwise confirmed and the proceeding is otherwise dismissed, without costs or disbursements.

Part 1010 of the Rules of the Department of Correctional Services (7 NYCRR) outlines the proceedings to be followed by correctional facilities in identifying suspected contraband drugs and in conducting related disciplinary proceedings. In such a disciplinary hearing, "[t]he record * * * must include: (a) the request for test of suspected contraband drugs form; (b) the contraband test procedure form; (c) the test report prepared by an outside agency subsequent to testing of the substance, if any; (d) a statement of the scientific principals and validity of the testing materials and procedures used * * * (e) a photocopy of the individual test instructions for each test used" (7 NYCRR 1010.5).

The only one of these required documents which appear to have been introduced into evidence at the hearing was "the request for test of suspected contraband drugs form". In addition, the respondent failed to call as a witness the prison official who allegedly tested the seized materials and who purportedly found that they tested positive for heroin.

We therefore conclude that the administrative determination finding the petitioner guilty of violating four prison disciplinary rules was not supported by substantial evidence to the extent that it upheld the charge of possessing a controlled substance (see, Matter of Rollison v Scully, 181 AD2d 734; Matter of Moss v Scully, 152 AD2d 577), the determination with respect to that charge should be annulled, and all references thereto should be expunged from petitioner's institutional records (see, e.g., Matter of Cunningham v LeFevre, 130 AD2d 809).

We have reviewed the petitioner's remaining contentions and conclude that they are without merit. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.