■ In the Matter of DARYL MILLER, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [693 NYS2d 258] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with violating the prison disciplinary rule that prohibits inmates from using

narcotics or controlled substances. According to the misbehavior report, two urinalysis tests conducted on petitioner's urine indicated positive results for the presence of cannabinoids.

At the tier III hearing, petitioner pleaded guilty "with an explanation", claiming that medication he was taking caused the positive test result. Although petitioner submitted certain documentary evidence in support of his claim, a technical representative from SYVA, the company that manufactured the testing apparatus, provided telephone testimony to the contrary. The Hearing Officer thus rejected petitioner's defense and found him guilty of the charged rule violation. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding which was transferred to this Court.

We confirm. Initially, we note that petitioner's plea of guilty to the charged violation would normally preclude him from challenging the determination of his guilt (see, Matter of Grant v Goord, 247 AD2d 662, 663). In light of the defense presented, however, we reach the merits and conclude that the misbehavior report, two positive urinalysis test results for cannabinoids and the testimony of the SYVA representative, constitute substantial evidence supporting the determination (see, Matter of Mason v Goord, 251 AD2d 829; Matter of Murphy v Selsky, 239 AD2d 724; Matter of Nina v Coombe, 233 AD2d 658, 659). Contrary to petitioner's assertion, the intermittent gaps in the hearing transcript were not so significant as to preclude meaningful review (see, Matter of Reynoso v Coombe, 229 AD2d 732, 733, lv denied 89 NY2d 801).

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.