In the Matter of JOHN RUZAS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [702 NYS2d 662] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior

report with violating prison disciplinary rules which prohibit possession of contraband, possession of a controlled substance and smuggling. During a tier III hearing, petitioner made certain admissions which the Hearing Officer construed as a plea of guilty of possession of a controlled substance. At the conclusion of the hearing, petitioner was found guilty of all charges and, after the denial of his administrative appeal, petitioner commenced this proceeding to review the determination.

Petitioner raises a number of arguments regarding alleged procedural errors and sufficiency of the evidence. In light of the detailed misbehavior report, the testimony of its author and petitioner's admissions, the only argument which merits discussion concerns the proper foundation for the Hearing Officer's reliance on the positive NIK test result to establish that petitioner possessed marihuana. Despite petitioner's specific objection to the lack of documentation regarding the test, neither the statement of scientific principles and procedures nor a copy of the individual test instructions appears in the record as required by 7 NYCRR 1010.5 (d) and (e). Nor was there any testimonial evidence of the testing procedures employed. In these circumstances, the result of the test cannot be utilized (*see, Matter of Davis v McClellan*, 202 AD2d 770).

Respondent contends that the error was harmless. Although a knowing and voluntary guilty plea in a prison disciplinary proceeding generally precludes a challenge to the sufficiency of the evidence of guilt (*see, Matter of Grant v Goord*, 247 AD2d 662) and may render procedural errors harmless (*see, Matter of Maldonado v Selsky*, 257 AD2d 876), the record does not demonstrate a knowing and voluntary guilty plea to the drug possession charge. While petitioner initially admitted that he possessed the item as alleged in the misbehavior report, he argued that he could be guilty of only one of the two possession charges because he only possessed one item. Thus, when asked whether he was pleading not guilty to the contraband charge and guilty to the drug possession charge, petitioner responded, "Or vice versa. Either one." The Hearing Officer then stated, "For the record, the plea to the contraband is not guilty. The plea to the drug possession is guilty," and he directed petitioner to sign a form which so indicated. In light of the equivocal nature of petitioner's plea, the procedural error regarding the NIK test is not harmless, particularly in view of petitioner's objection to the lack of documentation at the hearing and the Hearing Officer's reliance on the test results in his finding of guilt (*cf., Matter of Miller v Goord*, 262 AD2d 906).

Absent the test result, the finding that petitioner possessed a controlled substance is not supported by substantial evidence. Petitioner's admission that he "knew what it was," which was prompted by the Hearing Officer's reference to the positive test result, is insufficient to establish that the contraband was in fact marihuana. The appropriate remedy is to modify the determination by annulling the finding regarding possession of a controlled substance and direct expungement of all references thereto in petitioner's institutional record (*see, Matter of Contrera v Coombe*, 236 AD2d 661).

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of a controlled substance; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.