■ In the Matter of CHARLES WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [754 NYS2d 444] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting the unauthorized possession of controlled substances, possession of contraband, smuggling, interference with staff members, refusing to obey a direct order, failure to comply with frisk procedures and leaving an assigned area without authorization. As set forth in the misbehavior report, the reporting correction officer conducted an initial frisk of petitioner immediately following a visit from his spouse. Finding nothing at that time, he ordered petitioner to remain seated in the visitation area. When petitioner ignored the order and began to walk away, a second officer joined the first and assisted in conducting another frisk. Despite petitioner's violent resistance, the officers found three latex glove fingers secreted in his sock, two of which contained a powder that was subsequently identified as LSD and a third that contained 20

capsules later identified as an over-the-counter compound containing caffeine and an herbal stimulant.

As a preliminary matter, respondent concedes, and our review confirms, that the determination should be modified by annulling so much thereof as found petitioner guilty of unauthorized possession of a controlled substance based upon the Hearing Officer's failure to accede to petitioner's request for testimonial evidence validating the laboratory test procedures employed to identify the confiscated powder (*see Matter of Ruzas v Goord*, 268 AD2d 742, 743). As it appears that petitioner has yet to serve the entire penalty imposed for this violation and that it included a loss of two years' good time, the recommendation of loss of good time must also be annulled and the matter remitted to respondent for a redetermination of the penalty (*see Matter of Wells v Selsky*, 282 AD2d 799, 800). As to the remaining charges, we find that the determination of petitioner's guilt is supported by substantial evidence in the form of the misbehavior report, the hearing testimony given by the reporting officer and by the officer who assisted in frisking petitioner and the additional testimony of the facility nurse who identified the confiscated pills (*see Matter of Borcsok v Selsky*, 296 AD2d 678, *lv denied* 98 NY2d 616; *Matter of Roman v Selsky*, 270 AD2d 519).

Petitioner's exculpatory hearing testimony, in which he averred, inter alia, that the contraband had been "planted" by correction officers, raised an issue of credibility that lay within the discretionary power of the Hearing Officer to resolve (*see Matter of Toomer v Goord*, 290 AD2d 860; *Matter of Marcelin v Selsky*, 289 AD2d 752). The remaining contentions raised herein have been reviewed and found to be without merit.

Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of unauthorized possession of a controlled substance and recommended loss of good time; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalties imposed on the remaining violations; and, as so modified, confirmed.