■ In the Matter of VIDAL HERNANDEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate

Disciplinary Programs, Respondent. [759 NYS2d 604] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an incident in which a correction officer observed petitioner take a handrolled marihuana cigarette from another inmate in the gymnasium, petitioner was charged in a misbehavior report with possession of a controlled substance and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. The determination was upheld upon administrative appeal, with the penalty modified. This CPLR article 78 proceeding ensued.

Petitioner contends that the determination is not supported by substantial evidence because the Hearing Officer did not admit into the record at the hearing various forms relating to the drug testing procedure as required by 7 NYCRR 1010.5.* That regulation "outlines the proceedings to be followed by correctional facilities in identifying suspected contraband drugs and in conducting related disciplinary proceedings" (*Matter of Giannattasio v Coombe,* 237 AD2d 287, 288 [1997]). Notably, it states that the record of the disciplinary hearing must include: "(a) the request for test of suspected contraband drugs form; (b) the contraband test procedure form; (c) the test report prepared by an outside agency subsequent to testing of the substance, if any; (d) a statement of the scientific princip[les] and validity of the testing materials and procedures used" (7 NYCRR 1010.5). Here, although petitioner was provided with copies of the first two documents before the hearing, none of the documents listed was admitted into evidence at the hearing or considered by the Hearing Officer in rendering his decision. Moreover, there was no testimony elicited at the hearing concerning the testing procedure which rendered the positive result. Consequently, that part of the determination finding petitioner guilty of possession of a controlled substance is not supported by substantial evidence and, therefore, must be annulled (*see Matter of Ruzas v Goord,* 268 AD2d 742, 743 [2000]; *Matter of Giannattasio v Coombe, supra* at 288; *Matter of Davis v McClellan,* 202 AD2d 770, 771 [1994]; *Matter of Rollison v Scully,* 181 AD2d 734 [1992]). In addition, the recommendation of loss of good time imposed as part of the

---

* Contrary to respondent's argument, this issue was preserved at the administrative level and, thus, presents a question of law for our review (*cf. Matter of Khan v New York State Dept. of Health,* 96 NY2d 879, 880 [2001]).

penalty must be annulled and the matter remitted to the Commissioner of Correctional Services for a redetermination of the penalty (*see Matter of Williams v Goord,* 301 AD2d 983, 984 [2003]). Nevertheless, the misbehavior report and petitioner's admission that he discarded something in the bleachers adequately support the charge of smuggling (*see id.; Matter of Ruzas v Goord, supra* at 743; *Matter of Shakoor v Coughlin,* 165 AD2d 917, 918-919 [1990], *appeal dismissed* 77 NY2d 866 [1991]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of a controlled substance and recommended loss of good time; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.