In the Matter of Toussaint Dent, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [796 NYS2d 754]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After two of petitioner's letters were returned to the correctional facility where he was incarcerated, he was charged in a misbehavior report with violating facility correspondence procedures, soliciting goods or services from a business or individual other than an immediate family member, and seeking to obtain another inmate's crime and sentence information. He was found guilty of all of the charges following a tier III disciplinary hearing and was given 90 days' confinement in the special housing unit with a corresponding loss of privileges, as well as a recommended loss of good time. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, respondent concedes that substantial evidence does not support that part of the determination finding petitioner guilty of seeking to obtain another inmate's crime and sentence information or of writing to a parolee without authorization as charged as part of the facility correspondence violation. We agree, and the determination must be annulled to that extent. We reach a different conclusion, however, with respect to that portion of the determination finding him guilty of soliciting goods or services and of violating facility correspondence procedures by attempting to operate a business from prison. The misbehavior report, letters written by petitioner and his own admissions at the hearing provide substantial evidence supporting the determination of guilt with respect to these charges (*see Matter of Burgess v Goord*, 294 AD2d 746 [2002]). Nevertheless, inasmuch as the penalty was addressed to all of the charges and included a recommended loss of good time, annulment of part of the determination requires remittal to respondent for a redetermination of the penalty (*see Matter of Pabon v Goord*, 6 AD3d 833, 834 [2004]; *Matter of Hernandez v Selsky*, 306 AD2d 595, 596-597 [2003], *lv denied* 100 NY2d 514 [2003]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Mercure, J.P., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating facility correspondence procedures by writing to a parolee without authorization and seeking to obtain another inmate's crime and sentence information, and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional

record, and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.