■ In the Matter of JOHANNES GONZALEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [803 NYS2d 315]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating prison disciplinary rules which prohibit possessing and/or exchanging a controlled substance, destroying state property and altering state bedding. Following a tier III disciplinary hearing, at which petitioner did not contest the latter two charges, he was found guilty of all three. The determination was affirmed upon administrative appeal. Petitioner subsequently commenced this CPLR article 78 proceeding.

Petitioner contends that the determination that he possessed a controlled substance must be annulled because it is not supported by substantial evidence and the Hearing Officer failed to include all of the forms relating to the drug testing procedure as

required by 7 NYCRR 1010.5. Our review of the hearing transcript reveals that the "request for test of suspected contraband drugs form" and the "contraband test procedure form" are included in the hearing record. However, the other documents required by 7 NYCRR 1010.5, concerning the testing procedure and instructions, are not. Moreover, no testimony concerning the testing procedure or instructions was elicited from the correction officer who conducted the test. Accordingly, the results of the test cannot be considered as evidence of petitioner's guilt (*see Matter of Hernandez v Selsky*, 306 AD2d 595, 596 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Ruzas v Goord*, 268 AD2d 742, 743 [2000]; *Matter of Giannattasio v Coombe*, 237 AD2d 287, 288 [1997]; *Matter of Davis v McClellan*, 202 AD2d 770, 770-771 [1994]). Absent the results of the test, the determination with respect to this charge is not supported by substantial evidence and must be annulled to that extent (*see Matter of Hernandez v Selsky, supra* at 596; *Matter of Ruzas v Goord, supra* at 744; *Matter of Giannattasio v Coombe, supra* at 288; *Matter of Davis v McClellan, supra* at 770-771). The determination need not be remitted for reassessment of the penalty inasmuch as petitioner has apparently already served it and the penalty did not include any loss of good time (*see Matter of Fletcher v Goord*, 16 AD3d 731, 732 [2005]; *Matter of McAllister v Goord*, 6 AD3d 829, 830 [2004]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of a controlled substance; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.