■ In the Matter of Timothy Dumpson, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [807 NYS2d 723]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was in the visiting room, a correction officer observed him with his hand down his pants and, suspecting that he possessed contraband, notified the visiting room officers. One of the officers ordered petitioner to approach the door and, although petitioner initially ignored these instructions, he finally complied after pushing a potato chip bag toward his visitor. Petitioner was then removed to the frisk area and the bag was recovered by correction officers. The bag held four purple balloons, two containing a substance that tested positive for marihuana and the other two containing rolling papers, matches and strikers. As a result of this incident, petitioner was charged in three separate misbehavior reports with various rule violations. The first charged him with refusing a direct order and violating visiting room procedures. The second charged him with smuggling, possessing a controlled substance and violating visiting room procedures. The third charged him with possessing a controlled substance, refusing a direct order and failing to comply with frisk procedures. The reports were consolidated for purposes of the ensuing tier III disciplinary hearing. At the

conclusion of the hearing, the hearing officer dismissed the charge of violating visiting room procedures as contained in the first misbehavior report and possessing a controlled substance as contained in the second misbehavior report as duplicitous, but found him guilty of the remaining charges. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. Because the record does not reflect that petitioner received all of the necessary documents regarding testing on the suspected controlled substance, the test results should not have been admitted into evidence (*see* 7 NYCRR 1010.5). Nevertheless, substantial evidence set forth by the hearing officer in his decision supports the determination. Petitioner's visitor, called by petitioner as a witness, testified that she brought marihuana to him during the visit. This testimony, coupled with the videotape of the visit, the physical evidence and the testimony of other witnesses, was sufficient to support the charge even without the drug test results. We have considered petitioner's remaining contentions and find them unavailing.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.