■ In the Matter of GREGORY MINGO, Petitioner, v ROBERT ERCOLE, Respondent. [843 NYS2d 644]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services dated December 20, 2005, which modified a decision of a hearing officer dated October 10, 2005, made after a tier III disciplinary hearing, finding the petitioner guilty of violating disciplinary rules 113.25 (7 NYCRR 270.2 [B] [14] [xv]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]), and imposing penalties, only to the extent of reducing the penalty imposed and, in effect, confirmed the findings of the hearing officer that the petitioner was guilty of violating disciplinary rules 113.25 (7 NYCRR 270.2 [B] [14] [xv] and 114.10 (7 NYCRR 270.2 [B] [15] [i]).

Adjudged that the petition is granted, without costs or disbursements, so much of the determination dated December 20, 2005, as, in effect, confirmed the findings of a hearing officer that the petitioner was guilty of violating disciplinary rules 113.25 (7 NYCRR 270.2 [B] [14] [xv]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]) is annulled, the findings are vacated, the charges are dismissed, the penalties imposed are vacated, and the respondent is directed to expunge all references to those findings from the petitioner's institutional record.

The petitioner was charged on September 15, 2005 with violating disciplinary rules 113.25 (7 NYCRR 270.2 [B] [14] [xv]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]), which prohibit possession of a controlled substance and smuggling, respectively, based on an incident that purportedly was observed by a corrections officer present in the area of the Green Haven Correctional Facility, where the petitioner was involved with a class tour for non-inmate law students visiting the facility.

The hearing officer erred in receiving the testimony of the corrections officer, to the effect that chemical testing showed that the substance seized was brown heroin, without requiring him to lay a foundation with respect to the nature of the test and the procedures utilized (*see Matter of Lopez v Kramer*, 118 AD2d 572, 573 [1986]; *Matter of Kincaide v Coughlin*, 86 AD2d 893 [1982]), and in failing to call as a witness the prison official who allegedly tested the substance (*see Matter of Giannattasio v Coombe*, 237 AD2d 287, 288 [1997]; *cf. Matter of Cepeda v Goord*, 39 AD3d 640, 641 [2007]). Without the above testimony, the findings of the hearing officer, and so much of the determination dated December 20, 2005, as, in effect, confirmed the findings of the hearing officer that the petitioner was guilty of violating disciplinary rules 113.25 (7 NYCRR 270.2 [B] [14] [xv]), and 114.10 (7 NYCRR 270.2 [B] [15] [i]), were not sup-

ported by substantial evidence (*see Matter of Giannattasio v Coombe*, 237 AD2d 287 [1997]).

In view of the error in the admission into evidence of the test results and in light of the substantial amount of time that has passed since the hearing was conducted, we conclude that the appropriate remedy is expungement of the petitioner's institutional record rather than remittal for a new hearing (*see Matter of Afrika v Selsky*, 199 AD2d 315, 316 [1993]).

The petitioner's remaining contentions either have been rendered academic in light of our determination or are without merit. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.