In the Matter of SAMUEL DAVIS, Petitioner, v ALBERT PRACK, Respondent. [872 NYS2d 565]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating various prison disciplinary rules after a random pat frisk and subsequent examination revealed contraband secreted in petitioner's dreadlocks, namely, two razor-type weapons and substances that later tested positive for the presence of marihuana and heroin. A tier III disciplinary hearing ensued, after which petitioner was found guilty of all violations and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination.

To the extent that the petition raises an issue of substantial evidence, we find the misbehavior report, related documentation, positive test results and testimony adduced at the hearing sufficient to support the determination of guilt (*see Matter of Hall v Selsky*, 52 AD3d 1078 [2008]). Petitioner's denials and assertion that the seized substances were decongestants presented credibility issues for the Hearing Officer to resolve (*see Matter of Harvey v Woods*, 53 AD3d 944 [2008]).

As for petitioner's procedural claims, we conclude that since his requested employee witnesses testified at the hearing, he was not prejudiced by the assistant's failure to interview them (*see Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]). Similarly, since a witness is not required to be physically present at a disciplinary hearing, the testimony offered by the correction officers via speaker phone did not violate petitioner's due process rights (*see Matter of Faison v Goord*, 268 AD2d 634, 635 [2000]). Contrary to petitioner's assertion, the record

reflects that two tests were performed on the substance suspected to be heroin, and "there is no requirement that additional tests be performed to confirm an initial positive NIK test result for marihuana" (*Matter of Venegas v Irvin*, 249 AD2d 982 [1998]; *see Matter of Grochulski v Selsky*, 305 AD2d 823 [2003]). Although the relevant testing forms and documents were not provided to petitioner with the misbehavior report, these documents were given to petitioner at the hearing and the hearing was adjourned to afford petitioner ample time to review them (*compare Matter of Dumpson v Goord*, 26 AD3d 567, 568 [2006]). Petitioner's remaining contentions, including his claim that the extension for commencement of the hearing was improperly granted, have been examined and found to be lacking in merit.

Cardona, P.J., Spain, Rose, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.