■ In the Matter of EON SHEPHERD, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [884 NYS2d 777]—

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After prison officials received an anonymous note regarding petitioner's drug activity, a search of his cell and person was authorized. The search revealed several items considered to be contraband, including an extra razor, wooden utensils, a metal hot pot, and several packages containing a substance that later tested positive for methamphetamine. Following a tier III disciplinary hearing, petitioner was found guilty of possession of contraband, drug possession and smuggling. An unsuccessful administrative appeal ensued, and petitioner then commenced this CPLR article 78 proceeding.

We confirm. To the extent that petitioner challenges the evidentiary basis of the determination, we conclude that the detailed misbehavior reports, the testimony at the hearing, the drug test results and the documentary evidence provide substantial evidence to support the determination (*see Matter of Davis v Prack*, 58 AD3d 977, 977 [2009]; *Matter of Cooper v Selsky*, 43 AD3d 1254, 1255 [2007], *lv dismissed* 9 NY3d 1026 [2008]). Petitioner's contention that the officers planted the drugs in his hair presented a credibility question for the Hearing Officer to resolve (*see Matter of Griffin v Selsky*, 60 AD3d 1247, 1248 [2009]; *Matter of Davis v Prack*, 58 AD3d at 977).

Furthermore, while we agree with petitioner that the required statement of scientific principles should have been included in the record (*see* 7 NYCRR 1010.5 [d]), we note that petitioner acknowledged receiving this document prior to the hearing, and the correction officer who performed the drug test testified that she was certified to do so and that proper testing procedures were followed. Under these circumstances, annulment of the determination is unwarranted (*see e.g. Matter of Delvalle v Cough-*

*lin*, 188 AD2d 812, 812 [1992]; *compare Matter of Gonzalez v Selsky*, 23 AD3d 724, 725 [2005]; *Matter of Hernandez v Selsky*, 306 AD2d 595, 596 [2003], *lv denied* 100 NY2d 514 [2003]). Finally, there was no requirement that the Hearing Officer make an independent assessment about the credibility of the anonymous letter that prompted the investigation of petitioner, inasmuch as the letter was neither relied upon nor relevant to the determination of guilt (*see Matter of Kearney v Fischer*, 51 AD3d 1185, 1186 [2008]; *Matter of Delvalle v Coughlin*, 188 AD2d at 812).

We have examined petitioner's remaining claims and find them to be without merit.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.