■ In the Matter of CARLOS CESPEDES, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [892 NYS2d 229]—

During a search of petitioner's cell, a correction officer recovered two altered soup cans in a milk crate under petitioner's bed. The first can contained 25 pills, identified by a pharmacist as the prescription medications morphine, percocet and neurontin, as well as a large quantity of U.S. currency. The second can contained 43.5 grams of a green leafy substance that tested positive for marihuana. As a result, petitioner was charged in a misbehavior report with possession of drugs, possession of unauthorized property and possession of unauthorized medications. He was found guilty of all of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Petitioner asserts, among other things, that that part of the determination finding him guilty of drug possession cannot be sustained because he was not provided with a copy of the state-

ment of scientific principles and validity of testing materials and procedures used. Based upon our review of the record, we agree. The pertinent regulation requires that such document be served upon the inmate where the positive result of a test of suspected contraband drugs is used as evidence at a disciplinary hearing (*see* 7 NYCRR 1010.5 [d]; *see also Matter of Giannattasio v Coombe*, 237 AD2d 287, 288 [1997]). Inasmuch as respondent concedes that such documentation was not provided and no testimony was adduced concerning the testing procedures employed, substantial evidence does not support that part of the determination finding petitioner guilty of drug possession (*see Matter of Ruzas v Goord*, 268 AD2d 742, 744 [2000]; *Matter of Davis v McClellan*, 202 AD2d 770, 771 [1994]). Accordingly, that part of the determination must be annulled and, to the extent that a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty relative to the remaining charges (*see Matter of Tevault v Fischer*, 61 AD3d 1161, 1163 [2009]; *Matter of Torres v Fischer*, 53 AD3d 1008, 1009 [2008]).

As for the remaining charges, the misbehavior report and documentary evidence provide substantial evidence supporting the determination of guilt (*see Matter of Kimble v Fischer*, 56 AD3d 879, 879 [2008]; *Matter of Gonzalez v Fischer*, 53 AD3d 945, 945-946 [2008]). Furthermore, although petitioner complains that he was not provided with adequate employee assistance, he has not preserved this claim due to his failure to raise it either at the hearing (*see Matter of Carter v Goord*, 45 AD3d 1077, 1078 [2007]) or in his administrative appeal (*see Matter of Harris v Selsky*, 9 AD3d 695, 696 [2004]).

Rose, J.P., Lahtinen, Kane, McCarthy and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of drug possession and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.