■ In the Matter of AMIN BOOKER, Petitioner, v ROBERT ERCOLE, as Superintendent of Green Haven Correctional Facility, et al., Respondent. [901 NYS2d 719]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with possession of marihuana. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty was imposed. This determination was affirmed on administrative review, and this CPLR article 78 proceeding ensued.

Petitioner contends that a proper foundation for reliance on the positive NIK test result was not established pursuant to 7 NYCRR 1010.5. That regulation "outlines the proceedings to be followed by correctional facilities in identifying suspected contraband drugs and in conducting related disciplinary hearings" (*Matter of Giannattasio v Coombe*, 237 AD2d 287, 288 [1997]). Pursuant to 7 NYCRR 1010.5 (d), the record of a disciplinary hearing must contain certain documents, including "a statement of the scientific princip[les] and validity of the testing materials and procedures used." Here, the required document was not admitted into evidence at the hearing and was not provided to petitioner, despite his specific requests and objections. Further, there is no testimonial evidence of the procedures used by the testing officer. Under these circumstances, we conclude that there was not a proper foundation established for the Hearing Officer to rely on the positive NIK test result. Accordingly, the determination finding petitioner guilty of possessing marihuana was not supported by substantial evidence and, therefore, must be annulled (*see Matter of Gonzalez v Selsky*, 23 AD3d 724, 725 [2005]; *Matter of Hernandez v Selsky*, 306 AD2d 595, 596 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Davis v McClellan*, 202 AD2d 770, 770-771 [1994], *compare Matter of Shepherd v Fischer*, 63 AD3d 1473, 1473 [2009]).

Peters, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this proceeding from petitioner's institutional records and to restore any good time taken from petitioner as a result thereof.