Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation, which included the monitoring of petitioner’s telephone calls, correction officials determined that petitioner was attempting to bring drugs into the correctional facility through his wife. As a result, he was charged in a misbehavior report with smuggling and conspiring to bring a controlled substance into the correctional facility. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner argues, among other things, that the determination at issue is not supported by substantial evidence. Based upon a careful review of the record, we agree. The evidence presented at the hearing included the testimony of the correction officer who prepared the misbehavior report and conducted the investigation, as well as a certified transcript of recorded telephone conversations between petitioner and his wife. The officer testified that, based upon his review of the telephone transcript, he ascertained that petitioner was conspiring with his wife to have drugs brought into the correctional facility for sale. Specifically, he stated that during one conversation, petitioner’s wife made mention of having bought “SVs ounces,” which he interpreted to mean marihuana, and that during another conversation, petitioner used the Spanish word for heroin. The certified transcript included in the record, however, does not substantiate the officer’s testimony, as the noted references are not contained therein. When the recorded telephone conversations were played during the hearing, petitioner maintained that he and his wife were arguing over money and that drugs were not involved. Petitioner’s defense is consistent *1318 with the contents of the certified transcript before us. Consequently, the determination must be annulled (see Matter of Brown v Fischer, 91 AD3d 1336, 1337 [2012]; Matter of Booker v Ercole, 72 AD3d 1369, 1370 [2010]). However, petitioner’s request for reinstatement of his visitation privileges is more properly the subject of a separate proceeding as the revocation of such privileges is not part of the disciplinary determination at issue (see Matter of Encarnacion v Goord, 47 AD3d 987 [2008]).
Mercure, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this proceeding from petitioner’s institutional record and to restore any good time taken from petitioner as a result thereof.