*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                    517337
_____

In the Matter of JORGE ROSARIO,
                         Petitioner,

        v

                                          MEMORANDUM AND JUDGMENT
ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                         Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Devine and Clark, JJ.

_____

        Jorge Rosario, Ossining, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with drug use after his urine twice tested positive for buprenorphine. Following a tier III disciplinary hearing, he was found guilty as charged and that determination was upheld upon administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, the positive urinalysis test results and related documentation, together with the testimony of the correction officer who conducted the test, provide substantial evidence supporting the determination of guilt (see Matter of Mullamphy v Fischer, 112 AD3d 1177, 1177 [2013]; Matter of Muniz v Fischer, 111 AD3d 1044, 1044 [2013]).  Petitioner maintains that the testing procedure was defective because an expired "negative calibrator/control" reagent was used in the second test conducted on his urine.  The correction officer who performed the test testified, however, that he made a clerical error on the urinalysis procedure form for that test when he noted the expiration date and that the correct date was the same as the expiration date noted on the form for the first test.  Our review of the two forms confirms that the reagents for both tests came from the same lot number, and we conclude that the officer adequately explained the discrepancy.  Accordingly, the validity of the second test is not undermined (see Matter of Johnson v Fischer, 104 AD3d 1007, 1007 [2013]).  Further, contrary to petitioner's contention, the record establishes that he was provided with the requisite paperwork regarding the drug test with the misbehavior report, including the statement of scientific principles and validity of the testing apparatus (see 7 NYCRR 1020.4 [f] [1] [iv]).  Petitioner's remaining claims have been considered and found to be without merit.

Lahtinen, J.P., McCarthy, Rose, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court