*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                518388
_____

In the Matter of ARTHUR BOWEN,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
     Commissioner of
     Corrections and Community
     Services,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Stein, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Arthur Bowen, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

        After a sample of his urine twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of narcotics or controlled substances unless prescribed by health care providers.  Following a tier III disciplinary hearing, he was found guilty and, upon administrative review, the determination was affirmed with a penalty reduction.  This CPLR article 78 challenge ensued.

We confirm.  The misbehavior report, positive test results, hearing testimony and documentary evidence provide substantial evidence to support the determination (see Matter of Rosario v Prack, 119 AD3d 1302, 1302 [2014]).  Contrary to his contention, the rules do not require that, following a positive result on the first test, the second urinalysis test on the sample be performed by a second, different tester (see 7 NYCRR 1020.4 [1] [f] [iv]).  Further, the Hearing Officer did not err in denying his request to call as a witness the chart sergeant to establish that no other qualified officer was present to conduct the second test, because such testimony was irrelevant (see Matter of Williams v Fischer, 114 AD3d 977, 977 [2014], lv denied 23 NY3d 903 [2014]).  With regard to petitioner's claim that the test was improperly approved a day before it was requested, the testimony of the watch commander who approved the test request clarified that he made a clerical error in the date on the request form and that the test was, in fact, approved the following day, after it had been requested.  Thus, the validity of the test procedures was not undermined (see Matter of Rosario v Prack, 119 AD3d at 1302).  Petitioner's remaining arguments have been considered and found to be without merit.

Stein, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court