*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                    519187
_____

In the Matter of JASON CATO,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:  February 24, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

                    _____


          Jason Cato, Malone, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondents.

                    _____


          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision which found petitioner guilty of
violating certain prison disciplinary rules.

          While a correction officer was counseling petitioner and
another prison inmate inside a dorm, petitioner ran outside the
dorm, refused the correction officer's directive to stop and,
when the correction officer caught up to him, tried to strike the
correction officer in the head with a pen.  As a result,
petitioner was charged in a misbehavior report with engaging in
violent conduct, assaulting staff, possessing a weapon,
interfering with an employee, refusing a direct order, being out

of place, leaving an assigned area and a movement regulation violation.  At a tier III disciplinary hearing, petitioner pleaded guilty to the charges of being out of place and a movement regulation violation and otherwise pleaded not guilty. After the hearing, petitioner was found guilty of all charges. The determination was affirmed upon administrative appeal, and this proceeding ensued.

We confirm.  The detailed misbehavior report and the hearing testimony of, among others, the author of the report and two other prison employees who witnessed petitioner attempt to strike the correction officer provide substantial evidence supporting the determination of guilt (see Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Ferguson v Fischer, 107 AD3d 1272, 1272 [2013]).[1]  The record is devoid of evidence that the Hearing Officer was biased (see Matter of Ramos v Prack, 125 AD3d 1036, 1037 [2015]) or had predetermined petitioner's guilt (see Matter of Harding v Prack, 118 AD3d 1231, 1232 [2014]).  Finally, contrary to petitioner's contention, the record amply demonstrates that he was not deprived of his right to call relevant witnesses (see Matter of Clark v Fischer, 120 AD3d 1468, 1469 [2014], lv denied 24 NY3d 912 [2015]).

Petitioner's remaining contentions, including his assertion that he was denied adequate assistance, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur.

---

[1]  To the extent that petitioner asserts that substantial evidence does not support the determination of guilt as to the two charges he pleaded guilty to, he is precluded from raising such assertion by virtue of his plea (see Matter of Campbell v Bedard, 123 AD3d 1278, 1278 [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court