Matter of Stokes v Annucci (2018 NY Slip Op 00601)





Matter of Stokes v Annucci


2018 NY Slip Op 00601


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525190

[*1]In the Matter of JAMES E. STOKES, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Aarons and

 Pritzker, JJ.

James E. Stokes, Dannemora, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a correction officer witnessed petitioner exchange closed-fist punches with another inmate, petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, fighting, interfering with an employee and refusing a direct order. A tier III disciplinary hearing ensued, but a rehearing was ordered. When the rehearing commenced, petitioner was advised that the other inmate involved in the altercation refused to testify — indicating that he had
"nothing to say." At the conclusion of the rehearing, petitioner was found guilty of fighting and refusing a direct order, but not guilty of the remaining charges, and a penalty was imposed. Upon administrative review, the determination was affirmed with a modified penalty. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to challenge respondent's determination.
Although the facility cook who witnessed the incident testified that petitioner was not the aggressor — a premise subsequently credited by the Hearing Officer — and conceded that she did not actually see petitioner strike the other inmate, the misbehavior report prepared by the correction officer who responded to the scene and witnessed the ongoing altercation nonetheless established that petitioner fought with another inmate and refused orders to cease and desist. Such proof constitutes substantial evidence to support the determination of guilt (see Matter of Lopez v Annucci, 138 AD3d 1338, 1339 [2016]; Matter of Ramos v Venettozzi, 131 AD3d [*2]1309, 1310 [2015], lv denied 26 NY3d 913 [2015]; Matter of Cato v Annucci, 127 AD3d 1481, 1481 [2015]). Although petitioner asserted that he did not throw any punches, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Ramos v Venettozzi, 131 AD3d at 1310). Petitioner's remaining contentions are either unpreserved for our review or have been examined and found to be lacking in merit.
McCarthy, J.P., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.