Matter of Campos v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 01977)





Matter of Campos v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 01977


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525305

[*1]In the Matter of VLADYMIR CAMPOS, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Vladymir Campos, Dannemora, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with using a controlled substance after his urine sample twice tested positive for the presence of opiates. After a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was upheld on administration appeal, with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. Petitioner's contention that he was denied the right to call as a witness an employee of the company that manufactures the urinalysis testing equipment is without merit. The record reflects that the Hearing Officer personally contacted the company, explained to petitioner that the company had refused to produce an employee to testify at the hearing and provided petitioner with a written form reflecting this information (see Matter of Shepherd v Annucci, 153 AD3d 1495, 1497 [2017], appeal dismissed and lv denied 30 NY3d 1093 [2018]; Matter of Streeter v Annucci, 145 AD3d 1300, 1301 [2016]). Petitioner's related claims that the Hearing Officer violated 7 NYCRR 254.6 (a) (2) by contacting the company during an adjournment and improperly investigating the case are without merit (see Matter of Berrios v Kuhlmann, 143 AD2d 475, 476-477 [1988]). Further, the record belies petitioner's claim that the [*2]Hearing Officer predetermined his guilt or that the determination flowed from any alleged bias (see Matter of Marino v Racette, 144 AD3d 1277, 1278 [2016], lv dismissed 29 NY3d 1025 [2017]; Matter of Cato v Annucci, 127 AD3d 1481, 1481 [2015]).
Contrary to petitioner's contention, he was provided with all of the testing documentation required to be disclosed (see 7 NYCRR 1020.4 [f] [1] [iv]; Matter of Rosario v Prack, 119 AD3d 1302, 1302 [2014]; Matter of Jones v Venettozzi, 114 AD3d 980, 981 [2014]). In any event, the correction officer who performed the two urinalysis tests testified that he was certified to perform the tests and that the proper testing procedures were followed, thus providing a proper basis for the Hearing Officer to rely on the test results (cf. Matter of Shepherd v Fischer, 63 AD3d 1473, 1473 [2009]; compare Matter of Booker v Ercole, 72 AD3d 1369, 1370 [2010], appeal dismissed 26 NY3d 1133 [2016]). Petitioner's remaining contentions have been reviewed and found to be similarly lacking in merit.
Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.