Matter of McFarlane v Annucci (2019 NY Slip Op 07123)





Matter of McFarlane v Annucci


2019 NY Slip Op 07123


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

527389

[*1]In the Matter of Wayne McFarlane, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 30, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ.


Wayne McFarlane, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling and possessing drugs. The charges were based upon a correction officer observing petitioner, who was placed on contraband watch following a strip search, mixing something into his food. The correction officer then retrieved the food tray and found plastic bags, as well as a green leafy substance and brown chunky substance, mixed into the food. The green and brown substances subsequently tested positive for marihuana and heroin, respectively. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and, on administrative appeal, the determination was affirmed. This Court subsequently annulled that determination, finding that petitioner was improperly denied a relevant defense witness who, according to petitioner, allegedly overheard a conversation between petitioner and the author of the misbehavior report establishing that the author lied about seeing petitioner place drugs on the food tray, and directed a rehearing (Matter of McFarlane v Annucci, 145 AD3d 1312 [2016]). Following a rehearing, petitioner was again found guilty of both charges. That determination was affirmed upon administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding.
Initially, we are unpersuaded by petitioner's contention that gaps in the hearing transcript are so significant as to
preclude meaningful review (see Matter of Liggan v Annucci, 171 AD3d 1325, 1326 [2019]; Matter of Williams v Keyser, 171 AD3d 1334, 1336 [2019]). Turning to the merits, petitioner contends that the part of the determination finding him guilty of possessing drugs is not supported by substantial evidence because no documents were provided nor testimony adduced concerning the statement of scientific principles and validity of the testing materials and procedures used. Upon our review of the record, we agree. When positive results of a test of suspected contraband drugs are used as evidence at a disciplinary hearing, 7 NYCRR 1010.5 (d) directs that certain documents, including "a statement of the scientific princip[les] and validity of the testing materials and procedures used," be included in the record. This required document does not appear in the record, nor was it provided to petitioner despite his specific request and objections. Further, testimony from the testing officer offered no evidence of the procedures used. In view of the foregoing, that part of the determination finding petitioner guilty of possessing drugs is not supported by substantial evidence and must be annulled (see Matter of Booker v Ercole, 72 AD3d 1369, 1370 [2010], appeal dismissed 26 NY3d 1133 [2016]; Matter of Cespedes v New York State Dept. of Correctional Servs., 68 AD3d 1429, 1430 [2009]; cf. Matter of Shepherd v Fischer, 63 AD3d 1473, 1473 [2009]). Because a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty relative to the remaining charge (see Matter of Allah v Venettozzi, 173 AD3d 1591, 1591 [2019]).
As to the smuggling charge, the requirements of 7 NYCRR 1010.5 (d) are not applicable (see Matter of Shamberger v Annucci, 168 AD3d 1336, 1337 [2019]; Matter of Adams v Annucci, 160 AD3d 1331, 1332 [2018]). To that end, we find that the determination of guilt as to smuggling is supported by substantial evidence consisting of the misbehavior report indicating that plastic bags and other substances were found mixed in petitioner's food, the related documentation, the DVD evidence and the testimony at the hearing (see Matter of Phillips v Annucci, 160 AD3d 1308, 1308-1309 [2018]; Matter of Shearer v Annucci, 155 AD3d 1277, 1277 [2017]).
Petitioner's contention that he was improperly denied the right to call an inmate as a defense witness is without merit. Contrary to petitioner's contention, the record reflects that the requested witness executed a witness refusal, specifically noting that he did not want to testify, and the Hearing Officer read that form to petitioner at the hearing. Further inquiry by the Hearing Officer was not required (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59 [2016]; Matter of Harriott v Annucci, 170 AD3d 1294, 1296 [2019]; Matter of Ballard v Annucci, 156 AD3d 1013, 1015 [2017]). We have reviewed petitioner's remaining contentions, including his numerous procedural challenges, and find them to be without merit.
Garry, P.J., Egan Jr., Clark, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drugs and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.